### INJURY FROM THE USE OF STEEL WOOL.

Common Pleas Court of Cuyahoga County.

DAISY ROGERS v. THE KRESGE COMPANY.

Decided, March 7, 1921.

*Retail Merchants—Without Liability for Injury to Customers from
Goods Sold in Original Packages—Where Ordinary Care is Exer-
cised for Protection of Purchasers.*

A retail merchant can not be held in damages for injuries received by
a purchaser of an article in common use and not recognized by
the trade as dangerous, where the article was sold in the original
package as it came from the manufacturer, and the only negli-
gence complained of is that it was delivered to him without ex-
planation as to the manner in which it should be used.

On motion to direct a verdict.

Jewell, J.

A motion has been made to arrest the case from the jury, and
direct a verdict for the defendant. The evidence establishes
the following facts:

On March 7, 1920, plaintiff entered the store owned and con-
ducted by the defendant, and purchased a certain quantity of
steel wool. The article was sold in the original package, as it
came from the manufacturer. The defendant conducted a large
store, known as a 10-cent store, employing more than three hun-
dred clerks. This article was displayed on one of the show
tables. It was packed by the manufacturer, and sold in small
packages. The plaintiff purchased one of the packages. No
inquiry was made by the buyer. The sales lady gave the pack-
ages containing the steel wool to the plaintiff, receiving from the
plaintiff the price. The package had on it a picture of a girl
using steel wool, scouring a pan. The article was purchased
to scour pans, and in using it, certain steel particles from the
wool penetrated the right hand of the plaintiff, in consequence

of which she was severely injured. The negligence charged was the failure to warn plaintiff of the dangers incident to its use, and especially in not warning plaintiff to use gloves when using steel wool.

This is a common law action, and the negligence charged consists in selling to a customer an article without informing the customer of the dangers incident to its use. It is such an article as may be found for sale in a 10-cent store. It is used extensively for finishing woodwork and scouring kitcheen utensils. More than 250,000 packages were sold by this company in one year. The evidence discloses that the wool is pressed into small pads by the manufacturer, and packed into boxes, or packages, and sold to the defendant in the original package only. It discloses the further fact that some of the pads had been taken from these boxes and placed on the show table. This fact does not change or add to the liability of the defendant. It would only bring to the attention of both parties the nature and characteristics of the article. Steel wool is not a dangerous article. That it may become dangerous is shown by the fact that the plaintiff was injured in using it.

Is it the duty of a retailer, who sells an article in the package as it comes from the manufacturer, to exercise ordinary care to discover whether it is dangerous or not? The distinction between the liability of the manufacturer and the seller is obvious. We are not dealing with an article that is recognized by the trade as dangerous. Many articles in common use are dangerous, unless used with care. The automobile is a very dangerous machine, when placed in charge of an incompetent driver, yet we do not regard it as a dangerous machine. Can a druggist be charged with negligence, when he delivers to a purchaser a bottle of patent medicine, on account of his failure to analyze its contents, or to advise the customer as to the manner in which it should be used? The purchaser received the articles called for. No misrepresentations were made. In fact, no representations were made. The nature, as well as the extent of the business conducted by a large store, prevents an inspection of each package as it comes from the manufacturer. Neither reason nor law demand it. To ask that the

450.    SUPERIOR COURT OF CINCINNATI.

retailer examine each package before delivering it to the buyer would destroy modern business methods. The buyer, when he asks for a certain article, impliedly represents to the seller that he is acquainted with the article, not only its use, but the manner in which it should be used. We have not been referred to any Ohio authorities, but the rule deducible from the authorities of other states is, that the retailer can not be held liable for damages when he delivers to a purchaser an article in common use, as he receives it from the manufacturer, without explaining the manner in which the article should be used.

It follows that the motion to direct a verdict must be sustained.